Martin, J.
The statement of facts in this case shows, that the plaintifFs caused certain property of the defendants to be sold under an execution issued upon a judgment obtained by them, in April, 1841; that the Mayor and Council of Lafayette claim to be creditors of the defendants, with a privilege on the property sold, in the following sums, to wit: for $93 10, on a judgment rendered in August, 1840, for the taxes of 1839 ; for $170 87, on a judgment rendered in April, 1842, for the taxes of 1840 and 1841; for $115 90, on a judgment rendered in December, 1842, for banquettes made during that year in front of the property sold; for $99 92, on a judgment rendered in May, 1843, for the taxes of 1842 ; and for $170, being the amount of two bills for the taxes of 1848, duly recorded in the books of the Recorder of Mortgages of the parish of Jefferson; making altogether the sum of $649 79, which they prayed might be paid by preference out of the proceeds of the sale of the property aforesaid. They were allowed the sum of $170, for the recorded bills of 1843, but their pretensions for the rest were rejected on the ground, that the general mortgages resulting from the inscription of their judgments, did not come within the provisions of the act of 1843, the fifth section of which gives to the city of Lafayette a special privilege for work done, or taxes assessed on property situated within its limits, but provides that this privilege shall only take effect where an account of the same, certified by the Treasurer and Comptroller of said city, shall have been recorded in the office of the Recorder of Mortgages of the parish of Jefferson. Laws of 1843, 42. The intervenors have appealed.
Their counsel contends, that that part of their claim which is rejected, being for taxes due, and work done before the act of 1843, cannot be affected by it, but comes within the provisions of the 6th and 8th sections of the act of 1836. (Laws of 1836, p. 132.) We agree to this. But as the act of 1836 gives a privilege for work done only, and none for taxes, we are of opinion, that the judgment complained of is incorrect, so far only as it disallows the sum of $115 90, due to the intervenors for banquettes made in 1842, in front of the property sold. The privilege accorded by the judgment relied on cannot be allowed, as there is no law autho-izing it.
*598 It is, therefore, ordered and decreed, that the judgment be reversed and annulled, and that the city of Lafayette be paid, by preference out of the proceeds in the hands of the Sheriff, the sum of $285 90, with interest at six per cent on $170 from the 29th of May, 184.4, and at eight per cent on $115 90, from the 1st of June,' 1842, till paid; the costs of the appeal to be borne by the plaintiffs, and those below by the intervenors.